*G. W. Stone, for appellant.*

---

## NOLAN WILMORE *v.* L. M. JACKSON.

**Correcting Tax Assessment.**

A person improperly charged with a tax or county levy before paying the same may make proof to the county court of the county in which the assessment was made, and have the same corrected, and he may be heard before the supervisors, and from their judgment he may go to the county court and from thence to the circuit court, and having these remedies by the statute he can not be heard in a court of equity.

**Jurisdiction of Equity Court to Restrain Sheriff in Collecting Taxes.**

A tax payer may appeal to a court of equity to restrain the sheriff from selling his property for taxes until he can take the necessary steps in the county court to have the assessment corrected.

APPEAL FROM JESSAMINE CIRCUIT COURT.

May 28, 1885.

OPINION BY JUDGE PRYOR:

The appellants, who are bankers residing in Jessamine county, listed for taxation for the year 1880 their banking house and lot in the firm name of Wilmore & Co., and each partner's interest in the assets of the firm including the personal property, money and choses in action were listed by him with the assessor as his individual property. On this assessment they paid the taxes to the sheriff of the county for that year, and after the payment, the sheriff wrongfully and without their knowledge or consent listed with the clerk of the county court seventy-five thousand dollars under the equalization law, as belonging to the firm and omitted by them to be listed. The clerk has entered same on the assessor's books and certified the fact to the auditor, and the sheriff is now and at the time of the bringing of the action demanding payment of said tax and has levied on their property to pay the same, and advertised it for sale on the 18th day of April, 1881.

They did not omit to list the property but gave in the interest of each partner as his individual estate. These facts appear in the petition to which a general demurrer was filed and sustained. By Sec. 23, Art. 8, of Chap. 92, General Statutes, it is made the duty of the sheriff. to report to the county clerk all lists of property omitted to be listed by the assessor, and the clerk is required to enter the same on the assessor's books and report the fact to the auditor. It is an immaterial inquiry as to whether a list of appellant's property had been given to and entered by the assessor, if there was omitted property, it was the duty of the sheriff to report that fact to the county court clerk, and the only question presented is as to the jurisdiction of a Court of Equity to grant the relief. By Sec. 2, of Art. 7, of Ch. 92, General Statutes, a person improperly charged with a tax or county levy, before he has paid the same, may make proof to the county court of the county in which the assessment was made and have the same corrected. By Sec. 6 of the same chapter he may be heard before the supervisors and from their judgment go to the county court and from thence to the circuit court. (See amended act approved April 2, 1878.)

It is consistent that the remedy for the taxpayer where he has been improperly assessed, is provided by statute and whether adequate or not, that as the remedy has been regulated by statute it includes or takes from a Court of Equity all right to interfere in behalf of one whose property has been wrongfully listed.

We concur with counsel that the proceedings on the part of the taxpayer is to correct the tax list, on an erroneous assessment, the statute has pointed out the mode for obtaining the relief, and when the taxpayer is seeking only such relief, he must pursue the remedy given by the statute and can not invoke the aid of the chancellor for that purpose.

But there is something more in this case sought by the appellants, than a mere correction of their tax list or the correction of an erroneous assessment. While the relief sought depends upon the fact that the assessment was wrongfully made, the chancellor is asked to interfere upon the ground that the same had already been.listed with the assessor and the taxes paid, and notwithstanding that fact the sheriff had levied on appellant's property and was about to sell it. A sale of the property under a tax writ when the property had been assessed as required by statute, could pass the title to the purchaser, and if not, the sheriff has seized that which

is not liable for the tax for the reason that the tax has already been paid.   We find no remedy in the statute and none has been suggested by counsel for the appellee unless the aid of the chancellor can be invoked to stay the tax writ until the matters alleged can be heard and determined.   An application to the county court to be released of the tax will not prevent the sheriff from seizing the property of appellants, or selling what he has already seized, for the purpose of satisfying the tax claim, when it is admitted by the demurrer that the taxes have heretofore been paid.   The exercise of such jurisdiction by a Court of Equity can scarcely be questioned.   It has been so long recognized that it is needless to discuss its origin. The inadequacy of the remedy at law or the entire absence of any other remedy is of itself sufficient grounds for asking the chancellor to interfere and the mere fact that the taxpayer is required to apply to the county court to have his tax list corrected will not warrant the conclusion that the chancellor is thereby deprived of all power to interfere, when the property of the citizen has been seized or is about to be sold for an illegal tax or for a tax demand that has already been satisfied.   The demurrer should have been overruled, and is remanded for that purpose.

Judgment *reversed.*

*Bronaugh & Campbell, for appellants.*

*Breckenridge & Shelby, for appellees.*